T.C. Summary Opinion 2010-178


UNITED STATES TAX COURT


IRAJ MAHDAVI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23188-09S.                    Filed December 29, 2010.


Iraj Mahdavi, pro se.

<u>Mistala G. Merchant</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2006 Federal income tax of $3,185. The issue for decision is whether petitioner is entitled to a deduction for car and truck expenses claimed on a Schedule C, Profit or Loss From Business. We hold that petitioner is not entitled to such deduction.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in Orange County, California, when the petition was filed.

During 2006 petitioner worked as a university professor for two different for-profit institutions in southern California teaching business management at the graduate and undergraduate levels. Most of the courses petitioner taught were on an accelerated basis with some courses lasting 1 month and others 7-1/2 weeks.

In addition to his teaching, petitioner had a Schedule C property management and real estate brokerage business. Petitioner obtained his real estate license in 1989 and his real estate brokerage license in 1991. Since petitioner has been

pursuing his real estate business he has never turned a profit.[2]

At trial petitioner explained that his real estate business "is not a * * * regular real estate business * * * [but] a brokerage for investment and large property." Petitioner further explained that he must

> look for important, large properties, investigate them, put as much information about them as possible together, and then present it to clients, clients who may be all over California. Some of them are even outside of California. But in order to do that, I need to have a good look at the property.

Most of the time petitioner would "look for property and then find a client to match it", but sometimes he "had some clients who would be looking for certain things" and then he "would go out and look for those kinds of things."

As a result of his real estate activity, petitioner drove from his home in Orange County, California, to various locations throughout the State of California. Petitioner maintained a calendar on which he listed the purported destinations of his travel and total miles driven. For example, in the month of January petitioner's calendar shows he drove from his home in Orange County to San Francisco, Ventura, Palmdale, Redding, San

---

[2] At trial respondent conceded that petitioner's real estate business was not an activity not engaged in for profit within the meaning of sec. 183 and that the expenses in issue were not startup expenses as defined in sec. 195.

Jose, Julian, Apple Valley, Santa Barbara, and Fresno and made two trips to Palm Springs for a claimed total of 5,498 miles.[3]

During 2006 petitioner used three vehicles for both business and personal purposes. For the first part of the year petitioner drove a Ford Thunderbird; the Ford Thunderbird was later traded in for a Dodge Magnum, which was used for the remainder of the year. In the latter part of the year petitioner also drove, in addition to the Dodge Magnum, a Honda Civic, which was his daughter's vehicle.

On his 2006 Federal income tax return petitioner reported wages of $60,566 attributable to his teaching activities. Attached to petitioner's return was a Schedule C for his property management and real estate brokerage business. On the Schedule C petitioner reported income of $1,980 but claimed a net loss of $16,962, which resulted from a number of deductions, specifically including $13,636 of car and truck expenses that consisted entirely of mileage for petitioner's real estate brokerage activity. All of the income reported on the Schedule C was from petitioner's property management activity as petitioner did not have any income from his real estate brokerage activity.

---

[3] Petitioner's calendar shows that on Jan. 13 he drove from Orange County to Redding and that he returned to Orange County on Jan. 14 for a claimed total of 1,280 miles. At an average of 60 miles per hour this would have necessitated driving over 21 hours in a 2-day period; thus the Court wonders how petitioner could have had "a good look at the property".

In the notice of deficiency, respondent disallowed the deduction of $13,636 claimed by petitioner for car and truck expenses on the Schedule C.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); cf. sec. 7491(a)(1) (applicable only if, inter alia, the taxpayer has both complied with the requirements to substantiate an item, sec. 7491(a)(2)(A), and maintained all records required under the Internal Revenue Code, sec. 7491(a)(2)(B)).

Deductions are strictly a matter of legislative grace, and a taxpayer bears the burden of proving his or her entitlement to the deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 6001 further requires taxpayers to maintain books and records sufficient to substantiate the amounts of the deductions claimed. Sec. 1.6001-1(a), (e), Income Tax Regs. If a taxpayer is unable to fully substantiate the expenses incurred, but there is evidence that deductible expenses were incurred, the

Court may under certain circumstances allow a deduction based upon an approximation of expenses.  Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930).  But see Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

However, in the case of expenses relating to the use of listed property, specifically including any passenger automobile or other property used as a means of transportation, section 274(d) imposes stringent substantiation requirements to document the nature and amount of such expenses.  Sec. 280F(d)(4)(A)(i) and (ii), (5); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Larson v. Commissioner, T.C. Memo. 2008-187; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (expressly superseding the so-called Cohan rule and making it inapplicable). Thus, in order to satisfy these strict substantiation requirements, the taxpayer must maintain adequate records or sufficient corroborating evidence to establish each element of an expenditure.  Sec. 274(d); sec. 1.274-5T(b)(6), (c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985).  Elements of an expenditure include:  (1) The amount of such expense; (2) the time and place of the expense; and (3) the business purpose of the expense.  Sec. 274(d).  If the listed property is used for both personal and business purposes,

deductions are disallowed unless a taxpayer establishes the amount of the business use of the property in question. Kinney v. Commissioner, T.C. Memo. 2008-287; sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

On his 2006 return, petitioner claimed a deduction for car and truck expenses of $13,636. The only documentation petitioner maintained as a mileage log was the calendar on which he wrote the destination to which he drove and the number of miles driven. The destination descriptions are vague and generic in nature, listing just a city name. A business purpose for the miles driven is noticeably absent, and no client identification is provided.

Undoubtedly, petitioner used his vehicles for business purposes during the year in issue. However, we are unable to find that petitioner's calendar is sufficient to constitute a mileage log for purposes of section 274(d). Thus, we conclude that petitioner's mileage log is not an adequate record, within the meaning of section 274(d) and the regulations thereunder, of mileage expenses and that petitioner has failed to provide other corroborative evidence sufficient to establish that he has met the requirements of that section. See also Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Accordingly, we sustain respondent's determination disallowing the deductions for car and truck expenses claimed by petitioner on his 2006 tax return.

## Conclusion

We have considered all of the arguments made by petitioner and, to the extent that we have not specifically addressed those arguments, we conclude that they are without merit.

To reflect our disposition of the disputed issue,

<u>Decision will be entered for respondent</u>.